**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

JOSEPH MODESKI, *et al.*

Plaintiffs,

***Individually and on Behalf of All Similarly Situated Employees***

v.

SUMMIT RETAIL SOLUTIONS, INC.

Defendant.

Civil Action No. 1:18-cv-12383-FDS

**MOTION TO VACATE RULING ON TERMINATED MOTION AND STAY FURTHER BRIEFING ON MOTION FOR CONDITIONAL CERTIFICATION**

Defendant Summit Retail Solutions, Inc. ("Summit") hereby moves this Court, pursuant to Rule 60 of the Federal Rules of Civil Procedure, to vacate the portion of its April 16, 2019 Order [Dkt. 89] that relates to Plaintiffs' Motion for Conditional Certification ("Order"). The Court had previously terminated that motion and Defendant was not afforded an opportunity to oppose it.

Defendant therefore asks the Court to vacate its ruling, stay briefing on Plaintiffs' Motion for Conditional Certification, order a period of time for limited discovery on factual issues related to the applicability of the outside sales exemption, and set a briefing schedule on Defendant's anticipated motion for summary judgment.[1] Plaintiffs agree that the Order should be vacated and Defendant should have an opportunity to oppose the Motion for Conditional

[1] Defendant does not seek reconsideration of the portion of the Court's April 16 Order pertaining to Defendant's Motion to Dismiss. Defendant intends to pursue the issues relating to the application of the outside sales exemption to Plaintiffs at the summary judgment stage.

Certification, but take the position that Defendant should have only 14 days to respond. Plaintiffs oppose the remaining relief requested in this motion.

The Court should rule on Defendant's motion for summary judgment before reaching Plaintiffs' Motion for Conditional Certification because if the Court grants summary judgment, consideration of conditional certification would not be necessary. Proceeding with briefing and consideration of conditional certification before a ruling on summary judgment would be inefficient with respect to the Court's and parties' resources. It would also create undue procedural complexity and confusion among putative collective action members. To the extent that the Court issues notice to potential collective action members and later dismisses Plaintiffs' claims, the opt-in plaintiffs would join a case from which they are later dismissed, causing unnecessary confusion.

On the other side of the balance, neither Plaintiffs nor the prospective opt-in plaintiffs they aspire to represent will be prejudiced by a stay because the parties have already agreed to tolling. Defendant therefore asks the Court to grant the following relief:

a. Vacate its Order as to conditional certification, including the requirement that Defendant produce a list of potential members of the collective to Plaintiffs' counsel within 21 days;

b. Allow a period of 90 days for limited discovery related to Plaintiffs' primary duty and other factual issues described in the Order on Defendant's motion to dismiss. Defendant intends to take approximately five (5) depositions during this period and respond to reasonable discovery propounded by Plaintiffs;

c. Set a briefing schedule for Defendant's anticipated motion for summary judgment after the 90-day discovery period; and

d. Stay any further briefing or consideration of Plaintiffs' Motion for Conditional Certification until after the Court rules on Defendant's anticipated motion for summary judgment.

**BACKGROUND**

1. Plaintiffs first filed a Motion for Conditional Certification on May 18, 2018 while the case was pending in the District of Maryland. [Dkt. 10].

2. On November 13, 2018, Plaintiffs withdrew their Motion for Conditional Certification in anticipation of transfer of the case to this District. [Dkt. 59].

3. The case was transferred to this District on November 15, 2018. [Dkt. 63].

4. On December 13, 2018, Plaintiffs re-filed their Motion for Conditional Certification, with a supporting memorandum of law. [Dkt. 70, 71].

5. On December 14, 2018, the Court conducted a status conference. Defendant proposed a briefing schedule for its anticipated motion to dismiss and asked the Court to terminate or stay briefing on the Plaintiffs' Motion for Conditional Certification. The Court approved Defendant's proposed plan. The docket entry dated December 14, 2018 noted that the Court would terminate the Motion for Conditional Certification, but incorrectly referred to Docket No. 10, the motion that was filed in Maryland but later withdrawn. [Dkt. 72].

6. The Court set a motion hearing for March 7, 2019 on Defendant's anticipated motion to dismiss. [Dkt. 72].

7. Defendant filed its motion to dismiss on January 18, 2019. [Dkt. 76, 77].

8. The Court conducted a hearing on Defendant's motion to dismiss on March 7, 2019. [Dkt. 85]. The parties noted on the record that the hearing concerned Defendant's motion to dismiss only and that the Motion for Conditional Certification was not fully briefed or ripe for adjudication.

9. The Court entered the Order on April 16, 2019, denying Defendant's motion to dismiss and granting Plaintiffs' Motion for Conditional Certification. It ordered Defendant to

produce a list of potential members of the collective to Plaintiffs' counsel within 21 days, by May 7, 2019. [Dkt. 89].

10. The Court noted in footnote 6 that Defendant had not opposed the motion. [Dkt. 89, n. 6].

11. Defendant did not have the opportunity to oppose Plaintiffs' Motion for Conditional Certification because the Court had terminated it.

## ARGUMENT

### I. The Court's Order on Plaintiffs' Motion for Conditional Certification was a Mistake or Inadvertence and Should be Withdrawn.

Rule 60 of the Federal Rules of Civil Procedure permits the Court to relieve Defendant from its Order for "mistake" or "inadvertence" or "any other reason justifying relief." Fed. R. Civ. P. 60(b). A mistake may encompass a mistake by the court. *Lopes v. Riendeau*, 177 F. Supp. 3d 634, 643 (D. Mass. 2016). The Court has "substantial discretion and broad authority" to grant a motion pursuant to Rule 60(b). *Provanzano v. Parker View Farm, Inc.*, 827 F. Supp. 2d 53, 57 (D. Mass. 2011) (*quoting Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 81 (1st Cir. 2008)).

Ruling on a motion that was not pending before the Court was a mistake or inadvertence.

### II. The Court Should Assess Whether Plaintiffs Have a Viable Claim Before Turning to Their Bid to Pursue a Collective Action and Invite Others to Join.

The Court should rule on Defendant's anticipated motion for summary judgment before considering Plaintiffs' Motion in order to avoid an unnecessary fact-intensive inquiry into whether conditional certification is warranted. If the Court grants the summary judgment motion, the case will be dismissed and conditional certification is moot. If it denies the motion, the reasons for denial may shape how the Court and the parties would approach the question of

conditional certification. In addition, the discovery conducted would provide a more informed record for the Court and the parties regarding whether potential plaintiffs are similarly situated.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997) (internal citation omitted). Staying briefing and consideration of Plaintiffs' Motion until the Court addresses summary judgment will promote judicial economy, provide for the most efficient and just resolution of this matter, conserve resources for the parties, and streamline the litigation.

Conditional certification requires a rigorous, fact-intensive analysis that can be avoided if the Court is persuaded by the arguments advanced by Defendant in its motion for summary judgment. Courts regularly conclude that proceeding in this order is warranted where a plaintiff's claims may not proceed, individually or on a collective action basis, as a matter of law. *See, e.g. Cobble v. 20/20 Commc'ns, Inc*., No. 2:17-CV-53-TAV-MCLC, 2017 WL 4544598, at *5 (E.D. Tenn. Oct. 11, 2017*)* (granting defendant's motion to stay briefing and ruling on plaintiff's conditional certification motion pending resolution of defendant's motions to dismiss, transfer venue, or transfer the opt-in claims, finding that "principles of judicial economy require the Court to consider defendant's motions before deciding whether to conditionally certify this matter as a collective action"); *Lalli v. Gen. Nutrition Ctrs., Inc.*, 85 F. Supp. 3d 560, 561 (D. Mass. 2015) (staying briefing on motion for conditional certification until ruling on motion to dismiss); *Beery v. Quest Diagnostics, Inc.*, No. 12–CV–00231, 2013 WL 3441792 (D.N.J. July 8, 2013) (administratively terminating motion for conditional certification because it was "prudent" to first address motions to dismiss). As the *Cobble* court noted, "when faced with dueling motions to dismiss or greatly expand an action, the need to most efficiently use litigant

and court resources counsels in favor of first addressing the former." *Cobble*, 2017 WL 4544598, at *4.

Where a district court can "readily and correctly perceive[] fatal flaws in [plaintiff's] claims, … [r]eversing the usual order of disposition in such circumstances spares both the parties and the court a needless, time-consuming inquiry into certification." *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92-93 (D.C. Cir. 2001). Thus, prioritizing dispositive motions promotes judicial economy. "It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation." *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) (collecting cases from other circuit courts that have affirmed summary judgment for a defendant where not ruling has been made as to the class); *see also Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1084-85 (9th Cir. 2016) ("In other words, the district court has no need to entertain Corbin's attempt to certify a class without a claim."). The Manual on Complex Litigation explains that "courts should rule early on motions to dismiss, challenging whether the plaintiffs have stated a cause of action. Early resolution of these questions may avoid expense for the parties and burdens for the court and may minimize use of the class action process for cases that are weak on the merits." 21.133. Timing of the Certification Decision, Ann. Manual Complex Lit. § 21.133 (4th ed. 2018); *see also* Rothstein & Willging, "Managing Class Action Litigation: A Pocket Guide for Judges," at III, p.9 (Federal Judicial Center, 2010) ("Given the flexibility in the rules, the most efficient practice is to rule on motions to dismiss or for summary judgment before addressing class certification.").

If the Court leaves in place the Order granting Plaintiffs' motion before addressing the threshold legal issue, doing so would predictably cause individuals to join a case from which

they may later be dismissed, giving rise to confusion. *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 774-77 (7th Cir. 2013) (affirming decertification of 2,300 field technicians on eve of trial, in part because plaintiffs could not present viable trial plan).

## III. A Modest Amount of Discovery Will Be Required for the Parties to Brief Summary Judgment.

In ruling on Defendant's motion to dismiss, the Court concluded that "without a factual record, the Court cannot ascertain whether plaintiffs' 'primary responsibility' was 'making sales' or conducting promotional work." Order at 13. The Court explained that questions informing this analysis could be answered by a factual record including, as to making sales, whether Plaintiffs induced customers to purchase products, and, as to primary duty, what percentage of time Plaintiffs spent on various duties. *Id.*[2] Defendant anticipates that limited discovery would be required to answer these questions. For example, depositions of a few Plaintiffs, along with document-based discovery pertaining to Plaintiffs' training, compensation, and supervision, could provide insight into the most important duty Plaintiffs performed.

## IV. Neither Plaintiff Nor Any Potential Opt-In Plaintiffs Will Be Prejudiced By The Stay

Plaintiffs will not be prejudiced by the stay because they are named in the Complaint and filed consents, tolling the statute of limitations on their own claims. (Dkt. 1). 29 U.S.C. § 256 (FLSA action is commenced on the date when the complaint is filed for any plaintiff who is "specifically named as a party plaintiff in the complaint and his written consent to become a

[2] Pursuant to the FLSA, the term "primary duty" means the principal, main, major or most important duty that the employee performs, *i.e*., the reason the job exists. 29 C.F.R. ¶ 541.700. The percentage of time spent on exempt work is just one of many factors and is not dispositive of the primary duty inquiry. *Id.* at 541.700(a) ("Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee."); 541.700(b) ("nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work").

party plaintiff is filed on such date in the court in which the action is brought"). Potential opt-in plaintiffs will not be prejudiced by the relief requested in this motion because the parties have agreed to toll the statute of limitations of the claims of potential opt-ins until Defendant responds to Plaintiffs' Motion for Conditional Certification.

## CERTIFICATION OF CONFERRAL

Defendant has undertaken to confer with Plaintiffs' counsel about the relief sought in this motion, including by e-mails sent on April 18 and April 22, 2019. Plaintiffs agree that Defendant did not have an opportunity to oppose the Motion for Conditional Certification and that Defendant is entitled to a file an opposition. Plaintiffs' position is that Defendant should have only 14 days to do so. Plaintiffs oppose the remaining relief requested in this motion.

## CONCLUSION

For the reasons above, Defendant asks this Court to:

a. Vacate its Order as to conditional certification, including the requirement that Defendant produce a list of potential members of the collective to Plaintiffs' counsel within 21 days (by May 7, 2019);

b. Allow a period of 90 days for limited discovery related to Plaintiffs' primary duty and other factual issues described in the Order on Defendant's motion to dismiss. Defendant intends to take approximately five (5) depositions during this period and respond to reasonable discovery propounded by Plaintiffs;

c. Set a briefing schedule for Defendant's anticipated motion for summary judgment after the 90-day discovery period; and

d. Stay any further briefing or consideration of Plaintiffs' Motion for Conditional Certification until after the Court rules on Defendant's anticipated motion for summary judgment.

DATED: April 23, 2019

Respectfully Submitted,

DEFENDANT
SUMMIT RETAIL SOLUTIONS, INC.

By Its Attorney:

*/s/ Barry J. Miller*

Barry J. Miller (BBO# 661596)
SEYFARTH SHAW LLP
Two Seaport Lane, Ste. 300
Boston, MA 02210
(617) 946-4800
bmiller@seyfarth.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Barry J. Miller*
Barry J. Miller