UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH MODESKI, et al., on behalf of themselves and all similarly situated employees, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 18-12383-FDS |
| v. | ) ) ) | |
| SUMMIT RETAIL SOLUTIONS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON MOTION REGARDING COSTS**

**SAYLOR, C.J.**

This is a claim for overtime compensation. The named plaintiffs were "Brand Representatives" who demonstrated products and provided free samples to customers at retail stores, including membership-only warehouse clubs such as Costco, BJ's, and Sam's Club. They have brought suit against their employer, defendant Summit Retail Solutions, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and analogous laws of Maryland, New York, and Pennsylvania.

On July 2, 2020, the Court granted summary judgment to Summit on the issue of whether plaintiffs are subject to the outside sales exemption ("OSE") in the FLSA, 29 U.S.C. § 213(a)(1).

Summit has now moved for an award of costs pursuant to Fed. R. Civ. P. 54(d)(1). For the reasons stated below, that motion will be granted in part and denied in part.

**I      Background**

The complaint in this case was originally filed in the District of Maryland. On November

13, 2018, the parties agreed to transfer the case to this district.  An amended complaint was filed on May 15, 2020.  The amended complaint asserts claims for violations of the FLSA and several analogous state laws for failure to pay overtime wages.  (*See* Am. Compl. ¶¶ 127-169).

On December 13, 2018, plaintiffs moved for conditional certification of an FLSA collective action, which the Court granted on May 15, 2019.

On January 18, 2019, defendant moved to dismiss the complaint for failure to state a claim, contending that the OSE applies, and therefore plaintiffs are not subject to the FLSA's overtime-pay requirements.  On April 23, 2019, the Court denied that motion, finding that the development of a factual record was necessary to determine whether the exemption applied.  *See generally Modeski v. Summit Retail Sols., Inc.*, 2019 WL 1778518 (D. Mass. Apr. 23, 2019).

On March 20, 2020, both parties moved for summary judgment on that issue.

On July 2, 2020, the Court issued a Memorandum and Order granting Summit's motion for summary judgment and denying plaintiffs' motion.  *See generally Modeski v. Summit Retail Sols., Inc.*, 2020 WL 4559939 (D. Mass. July 2, 2020).  In that order, the Court found that the plaintiffs are subject to the OSE and therefore, they are not subject to the FLSA's overtime-pay requirements.  Accordingly, judgment entered for Summit.[1]

On July 28, 2020, plaintiffs filed a notice of appeal.

On July 31, 2020, Summit filed the present motion for costs.

## II     Legal Standard

Recovery of costs is governed by Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.  Rule 54(d) requires that costs, other than attorney's fees, be allowed to the prevailing party unless "a federal statute, these rules, or a court order provides otherwise."  Fed. R. Civ. P. 54(d)(1).  "There is a

---

[1] The parties agreed that liability for plaintiffs' state-law claims was predicated on a violation of the FLSA. *See Modeski*, 2020 WL 4559939, at *4.

2

background presumption [under Rule 54(d)] favoring cost recovery for prevailing parties," *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 28 (1st Cir. 2008), but "[t]he award of costs is a matter given to the discretion of the district court." *Sharp v. Hylas Yachts, Inc.*, 2016 WL 10654435, at *1 (D. Mass. June 14, 2016).

Under 28 U.S.C. § 1920, the "judge or clerk of any court of the United States may tax as costs," among other things, "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; . . . ." District courts are "bound by the limitations" established by § 1920, and costs not listed under that section may not be awarded. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987).

**III     Analysis**

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable under 28 U.S.C. § 1920(2). "If deposition transcripts are introduced in evidence or used at trial, their costs are generally recoverable. For all other deposition transcripts, the court may exercise its discretion to award costs if 'special circumstances' exist, including, for example, when the prevailing party relies on the transcripts in a dispositive motion." *Brigham and Women's Hospital, Inc. v. Perrigo Co.*, 395 F. Supp. 3d 168, 173 (D. Mass. 2019) (citing *Sharp*, 2016 WL 10654435, at *2; *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985)). Courts are split on allowing for taxation of transcript costs from depositions cited to in legal briefs, but not otherwise put into evidence or used at trial. *Compare Bergeron v. Cabral*, 393 Fed. App'x. 733, 735 (1st Cir. 2010); *Trustees of Bos. Univ. v. Everlight Elecs. Co.*, 392 F. Supp. 3d 120, 136 (D. Mass. 2019); *Keurig, Inc. v. JBR, Inc.*, 2014

WL 2155083, at *3 (D. Mass. May 21, 2014) *with Haemonetics Corp. v. Fenwal, Inc.*, 863 F. Supp. 2d 110, 116-17 (D. Mass. 2012). *See also* 10 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE, § 2676 (4th ed. April 2020 update) ("The justification for taxing the expense of a deposition that is introduced into evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment").

Upon showing that a deposition was necessary, a prevailing party is only entitled to recover the cost of one original copy and one certified copy of that transcript. *See Brigham and Women's Hospital*, 395 F. Supp. 3d at 172 n.1 ("For each recoverable deposition transcript, defendants shall recover the actual transcript cost and, if applicable, the reporter attendance fee."). "Costs associated with the rough transcript, archiving, or shipping and handling are not recoverable." *Id.* Furthermore, additional expenses, such as those for "realtime" transcription, expedited production or shipping, and other electronic recording or rentals, are not permitted. *See id.* at 173 (disallowing recovery of costs for realtime trial transcripts because although "highly convenient and desirable," they "were not 'necessarily' incurred within the meaning of 28 U.S.C. § 1920(2)").

Summit seeks $7,057.62 in costs for the transcripts of six different depositions. (Mot. for Costs, Itemized Bill of Costs). However, one of those depositions was of its own employee, Rule 30(b)(6) deponent Jilian Booth. (*Id.*). "Courts in this district generally have held that parties cannot recover the costs of their own deposition transcripts." *Everlight Elecs.*, 392 F. Supp. 3d at 136 (citing *Hillman v. Berkshire Med. Ctr., Inc.*, 876 F. Supp. 2d 122, 127 (D. Mass. 2012); *Legrice v. Harrington*, 2010 WL 2991670, at *1 (D. Mass. July 26, 2010); *Neles-Jamesbury, Inc. v. Fisher Controls Int'l, Inc.*, 140 F. Supp. 2d 104, 106 (D. Mass. 2001)). The theory behind that prohibition is that such a transcript is only for the convenience of counsel or

discovery purposes. *See Legrice*, 2010 WL 2991670 at *1 (holding that the costs of the parties' own deposition transcripts were not "necessarily incurred" because the "testimony of these individuals, as parties to the litigation, was readily available without the need of deposition transcripts."). Accordingly, the Court will disallow the $1,476.25 in transcript costs associated with the deposition of Jilian Booth.

The Court will allow Summit to recover transcript costs for the other five depositions. Each of those depositions was of one of the named plaintiffs in this action. Summit cited the transcripts of all of them in its summary judgment motion. By succeeding on that motion, Summit avoided trial, for which the depositions would have almost certainly been necessary. Therefore, the Court finds that transcript costs are recoverable for the depositions of Joseph Modeski, Giovanni Zammito, Nathan Damboise, Rudy Ortiz, and Jeffrey Wolfert. (Mot. for Costs, Itemized Bill of Costs). *See Brigham and Women's Hospital,* 395 F. Supp. 3d at 172-73; *Everlight Elecs.*, 392 F. Supp. 3d at 136.

But those costs must be adjusted slightly. Summit claims various costs from each deposition that exceed what may fairly be considered necessary under 28 U.S.C. § 1920(2). For example, it seeks $1,403.00 in transcript costs from the deposition of Joseph Modeski. (Mot. for Costs, Ex. A). An invoice shows that $1,297.50 of those costs is for the original transcript. (*See id.*). But the remainder, $105.50, is for items such as a condensed copy, processing fees, and shipping costs. (*See id.*). Similarly, Summit seeks $1,426.75 in costs for the deposition of Jeffrey Wolfert. (Mot. for Costs, Ex. E). But again, a portion of those costs—in this case, $155.50—is for other items, such as a condensed copy, a digital copy, and fees for processing and shipping. (*See id.*). Those types of costs exceed what is allowed by § 1920(2). *See Brigham*, 395 F. Supp. 3d at 172-73, 172 n.1. Accordingly, Summit's costs award will be

reduced by $261.00 to reflect the unrecoverable expenditures for the Modeski and Wolfert depositions.  Similarly, its costs award will be reduced by $275.16 to reflect the unrecoverable expenditures for the depositions of Giovanni Zammito, Nathan Damboise, and Rudy Ortiz.[2]

**IV      Conclusion**

For the foregoing reasons, the motion of Summit Retail Solutions, Inc., for a bill of costs is GRANTED in the amount of $5,045.21 and is otherwise DENIED.

**So Ordered.**

Dated:  August 24, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[2] The transcription invoices from the Zammito, Damboise, and Ortiz depositions do not indicate the actual cost of a single original and a single certified copy.  (*See* Mot. for Costs, Exs. B, C, D).  Because the transcription services for Modeski and Wolfert averaged roughly 90% of their total costs for one original and one certified copy, the Court has reduced the Zammito, Damboise, and Ortiz transcription costs by 10% to reflect a similar calculation.  *See GoDaddy.com LLC v. RPost Commc'ns Ltd.*, 2016 WL 4569122, *13 (D. Ariz. Sept. 1, 2016) (reducing claimed transcript costs by 2/3 when bill did not specify individual cost for transcript, but other bills averaged similar cost ratio).